ELIZABETH B. GERE AND OTHERS, SUING IN THEIR OWN BEHALF AND IN BEHALF OF ALL OTHER STOCKHOLDERS OF THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

*Injunction — motion to vacate, without notice, at General Term — Code of Civil Procedure, sec. 626 — in what cases such a motion can be made.*

In this action, brought in the fifth judicial district to have a contract, entered into between the defendant corporation and other persons, declared void, and to restrain the defendant from purchasing the property, assets or franchises of another railroad company at a sale, upon the foreclosure of a mortgage given thereon, an injunction was granted restraining the defendant from bidding at such sale, accompanied with an order to show cause why it should not be continued during the pendency of the action. The order was dated November twenty-first, and was made returnable at a Special Term to be held in Syracuse on November twenty-eighth. It required the papers to be served on or before November twenty-fifth. On November twenty-fifth the defendant moved, *ex parte*, at a General Term of the Supreme Court of the Third Department, held at the city of Albany, for an order vacating the injunction.

*Held,* that the case was not one in which such an application might, under section 626 of the Code of Civil Procedure, be made at the General Term without notice, and that the motion should be denied without expressing any opinion upon the merits.

That section confers the privilege of making such a motion only in special cases, where there is necessity for immediate action, and where delay would cause evil which could not be remedied.

MOTION by the defendant corporation to vacate an injunction.

This action was brought by stockholders of the defendant, The New York Central and Hudson River Railroad Company, in behalf

of themselves and all other stockholders, to restrain the defendant from executing, or accepting the execution, of a lease of the New York, West Shore and Buffalo Railway, or of any of its property, assets or franchises, and from carrying into effect certain contracts alleged to have been made by the defendant with reference to the leasing of the said road, and to giving a guaranty as to certain of its bonds.

On November 21, 1885, an injunction was issued restraining the defendant from executing or accepting the said lease, or purchasing the New York, West Shore and Buffalo Railway, or any of its property, assets or franchises, upon the sale under a decree foreclosing a mortgage thereon, or from bidding at the sale. The sale was to be held on November 24, 1885. The defendants were also required to show cause at a Special Term of the Supreme Court to be held at the court-house, in the city of Syracuse, on November 28, 1885, why the injunction should not be continued until the hearing and determination of the action; the papers to be served on or before November twenty-fifth.

*E. Winslow Paige*, for the motion.

LEARNED, P. J.:

In this action an injunction was granted November twenty-first, with an order to show cause why it should not be continued during the action. This order was returnable at a Special Term in Syracuse, November twenty-eighth, and the papers were to be served on or before November twenty-fifth. They were served on some of the defendants, as we understand, before November twenty-third. The place of trial of the action is Onondaga county.

The defendant now moves (November twenty-fifth) *ex parte* before this General Term to vacate the injunction. This motion is made on the summons, complaint and affidavit on which the injunctiod was obtained.

We are of the opinion that the privilege given by section 626 of the Code of Civil Procedure to make such a motion before the General Term *ex parte* was intended to afford an opportunity to obtain relief in special cases, where there was necessity for immediate action and where delay would cause evil which could not be remedied.

It is to be assumed that no judge grants an injunction without carefully considering the matter and determining in his own mind that this remedy is necessary. When he makes an order to show cause why the injunction should not be continued, he affords an opportunity for the hearing of both sides and for a more fair investigation than he can give on an *ex parte* hearing. If on that hearing either party is dissatisfied, an appeal lies in an orderly manner to the General Term.

As the judge who grants an injunction may have acted injudiciously, the Code provides that on an *ex parte* application he may vacate this injunction, thus giving an opportunity for the aggrieved party to show to the judge the mistake he may have made. But very wisely such *ex parte* application cannot be made to another judge, else there would be a conflict of authority.

Now while the section provides also that an *ex parte* application to vacate may be made to the General Term, it is evident that that court should not interfere, unless there be some pressing necessity. To say, without hearing the other side, that the injunction should be vacated, is almost to censure the judge who granted•it.

The whole plan of the judiciary system shows that the General Term is, with few exceptions, to be a court of review, and that, in the first instance, matters are to be heard before a single justice. The reasons for exercising the exceptional power given by this sec tion must be more than the alleged error of the court below, and more than the magnitude of the interests involved. There must be peculiar circumstances which almost compel immediate action. We have in one instance vacated *ex parte* an injunction. And we are satisfied that our action then was proper. But the case was unusual. In that case the defendants were enjoined, under peculiar circumstances, from holding an election. Unless it were held on the day appointed, it might be difficult to hold it again for a long time. And the vacating of the injunction only permitted an election, without deciding on its effect. There were other facts which made that a case that plainly demanded the relief which we granted.

In the present case the injunction restrains the performing of a contract into which, it is alleged, that the defendants, or some of them, have entered. We are not shown that the contract must be

performed on any certain day in order that the contract shall remain binding.

It may be that loss will be caused by the delay. But only three days (now one day) will elapse before both parties can be heard on the return of the order by the learned justice who granted the injunction. Then, on a fair hearing of all that can be said on each side, and on a presentation of all the facts of the case, we have no reason to doubt that a just decision will be made. To vacate the injunction now might be deemed to indicate a distrust of the fairness and ability of the tribunal before which the matter will then come.

In our opinion, then, this is not a case in which we ought to vacate the order. In saying this, we express no opinion whatever upon the merits of the case. We place our refusal entirely on other grounds; that is, on those above specified.

We may also suggest that the appeal which will lie from the decision made on the return day will come before the General Term of another department. Probably under section 626 we have jurisdiction. But the fact above mentioned makes it still less proper for us to interfere. The motion is denied.

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

Motion denied.